# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UPMC PRESBYTERIAN SHADYSIDE | ) ) ) | CASE NO. 1:19CV158 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| v. | ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| FLEET OWNERS INSURANCE FUND, et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court are the separate but related motions of plaintiff UPMC Presbyterian Shadyside ("UPMC") and defendant Fleet Owners Insurance Fund ("Fleet") to consolidate this instant action ("*UPMC* lawsuit") with another action pending before this Court: *McHugh v. Trinity Health Systems*, No. 1:17-cv-1413 ("*McHugh* lawsuit"). (Doc. No. 11 ["UPMC Mot."]; Doc. No. 24 ["Fleet Mot."].) For the reasons discussed herein the motions to consolidate the *UPMC* lawsuit with the *McHugh* lawsuit are GRANTED.

## I.   BACKGROUND

*McHugh Lawsuit*

On July 5, 2017, Fleet Owners Insurance Fund ("the Fund") and Sharon and Charles McHugh ("*McHugh* plaintiffs") filed the *McHugh* lawsuit in federal court. It is undisputed that the Fund is a nonprofit Taft-Hartley multiemployer health and welfare insurance fund formed by Teamsters Local 964 ("the Union") and participating employers with collective bargaining agreements. Charles McHugh belongs to the Union and his wife is Sharon McHugh.

The *McHugh* plaintiffs sued the Fund's administrator, Medical Mutual Services, LLC ("MMS"), and various medical services providers—including UPMC—who had provided more than $1,200,000 in medical services to Sharon McHugh. The *McHugh* plaintiffs alleged that the defendant medical service providers were fiduciaries, pursuant to the Employee Retirement Income Security Act ("ERISA"), and that they breached their duty to the Fund and, by extension, the McHughs. Each medical service provider moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6), each asserting that the medical service provider did not qualify as fiduciaries under ERISA. MMS also moved for partial judgment of the pleadings, under Rule 12(c), requesting that the Court dismiss the state law claims against it as preempted under ERISA.

On June 25, 2018, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Court dismiss all claims against the medical services providers—including UPMC—and all state law claims against MMS. After overruling the *McHugh* plaintiffs' objections, the Court entered an order adopting the R&R, leaving only Count 1 (breach of fiduciary duty under ERISA) against MMS. Thus, the remaining issue in the McHugh case is whether Fleet owes UPMC more money for Sharon McHugh's medical care, or whether Fleet does not owe more money because MMS should have more properly vetted the allegedly improper claims and bills.

*UPMC Lawsuit*

On January 22, 2019, UPMC sued the Fund and two of its trustees,[1] seeking payment for medical services rendered by UPMC to Sharon McHugh and another unnamed patient ("Patient 2"). (Doc. No. 1. ["Compl."] ¶¶ 86–87, 97–98.) In its complaint, UPMC asserts claims against the Fund for (1) benefits covered under ERISA, (2) breach of ERISA fiduciary duties, (3) failure to disclose plan documents, (4) breach of contract, (5) conversion, and (6) unjust enrichment. The

---

[1] For purposes herein, the Court shall refer to both the Fund singularly, and collectively with the trustees, as the "Fund."

McHughs are not parties to the *UPMC* lawsuit. Patient 2 is not a party in the *McHugh* lawsuit. Like the *McHugh* lawsuit, the ultimate question in the *UPMC* lawsuit is whether Fleet owes UPMC more money for Sharon McHugh's medical treatment.

The case was assigned to the docket of the Honorable Dan Polster. On February 20, 2019, Judge Polster entered an order consenting to the transfer of the *UPMC* lawsuit to the docket of the undersigned as a related case, in accordance with LR 3.1(b)(3). (Doc. No. 12.) On February 12, 2019, UPMC filed its motion to consolidate the *UPMC* lawsuit with the *McHugh* lawsuit. On May 17, 2019, with leave of Court, Fleet filed its own motion in support of consolidation. This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

Rule 42(a)(2) provides that the Court may consolidate actions involving "a common question of law or fact[.]" Fed. R. Civ. P. 42(a)(2); *see Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). The objective of consolidation is to administer the Court's business economically and expeditiously while ensuring justice for the parties. *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992). Consolidation of separate actions does not merge the independent actions into one suit. *Id.* The party seeking consolidation bears the burden of demonstrating the commonality of law, facts, or both in cases sought to be combined. *Young v. Hamric*, No. 07-12368, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008). Once the threshold requirement of establishing a common question of law or facts is met, the decision to consolidate rests in the sound discretion of the district court. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). The Court weighs the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

In exercising its broad discretion, the trial court must consider whether the risks of prejudice and confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, the burden on witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits, and the relative expense to all concerned of a single trial versus multiple trials. *Cantrell*, 999 F.2d at 1011.

### III. ANALYSIS

The Court finds that UPMC and Fleet have met their burden of demonstrating that consolidation would be appropriate here. The factual impetus for both actions is the same: Sharon McHugh's incurrence of substantial medical expenses. And, as UPMC correctly identifies: "Each case may be resolved by answering the same question—was Fleet obligated to fund payments for the medical care provided to Sharon McHugh at [UPMC]?" (UPMC Mot. at 131.[2]) The Court finds that consolidation will conserve judicial resources and reduce the burden on the parties, the Court, and (potentially) a jury. Consolidation will prevent against any potential inconsistent adjudications as to Fleet's ultimate liability to UPMC for Sharon McHugh's remaining medical bills.

Moreover, while MMS is only a party in the *McHugh* lawsuit, MMS's role as the Fund's administrator has a significant role in the *UPMC* lawsuit and the scope of discovery in each action will overlap significantly. Additionally, while the cases have been pending in this Court for different periods of time, both lawsuits are still in the early stages of discovery and case management and trial order dates and deadlines have not yet been set in the *McHugh* case.

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

## IV.	CONCLUSION

For the reasons set forth herein, the Court concludes that its discretion is better exercised by granting consolidation. UPMC's and Fleet's motions for consolidation are GRANTED.

**IT IS SO ORDERED**.

Dated: June 18, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**